**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

M.P., AN INDIVIDUAL,

Plaintiff, CIVIL ACTION NO: ______________

against

G6 HOSPITALITY PROPERTY LLC,

Defendant.

**COMPLAINT**

COMES NOW the Plaintiff M.P., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

**INTRODUCTION**

1. This action for damages is brought by M.P. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the owner and operator of the subject premises and subject hotel, doing business as Motel 6, located at 5201 20th Street East, Fife, Washington 98424 (the "subject hotel"), during the relevant time period in 2017 and through and inclusive of 2019, intermittently, and as such was responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. During the relevant time period, Defendant was owner of the subject premises located at the address listed above.

4. During the relevant time period, Defendant was operator of the subject premises located at the address listed above.

5. Plaintiff meets the definition of a sex trafficking victim as she was caused by her trafficker, known as “Red”, to engage in commercial sex at Defendant’s subject hotel in 2017 and through and inclusive of 2019, intermittently, during the time Defendant owned and operated the subject hotel. Plaintiff was an adult at all times during which she was trafficked at the subject hotel, and was induced by force, fraud, and coercion by her trafficker.

6. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion, and criminalizes the sex trafficking of a person under the age of eighteen without regard to force, fraud, or coercion. See 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who “knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter.” 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

**PARTIES**

7. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff’s name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

8. Plaintiff is currently a resident of the State of Washington.

9. Plaintiff was born in December 1990.

10. At all times relevant and material, Defendant owned and operated a hotel doing business as Motel 6 and located at the address set forth above in paragraph 2 and was authorized, licensed, and doing business in the State of Washington offering the subject hotel as a place of public lodging.

11. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

**JURISDICTION AND VENUE**

12. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District.

14. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. As the hotel owner and hotel operator during the relevant time period for the subject property, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

**CAUSE OF ACTION**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")**

16. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.

17. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of Defendant's subject hotel where Plaintiff was trafficked for sex during the relevant time period of Defendant's ownership in 2017 and through and inclusive of 2019, intermittently.

18. Plaintiff was trafficked at the subject hotel by a trafficker known to Plaintiff by the nickname Red.

19. Plaintiff was caused by her trafficker to engage in commercial sex with sex buyers at the subject hotel during the relevant time period.

20. In order to cause and compel Plaintiff to engage in sex with sex buyers at the subject hotel, her trafficker used various means to do so including:

a. physical violence and threats of physical violence, including repeated beatings that left visible bruising on Plaintiff's face and body, including black eyes plainly visible to the naked eye;

b. physical assaults committed upon Plaintiff on the grounds of the subject hotel, out of doors in common areas of the subject hotel;

c. threats directed at Plaintiff's own safety and wellbeing; and

d. other means of force, fraud and coercion used by the trafficker.

21. Plaintiff meets the definition of a sex trafficking victim. Plaintiff was an adult throughout the period she was trafficked at the subject hotel, and was induced by force, fraud, and coercion by her trafficker to have sex with sex buyers at Defendant's subject hotel in 2017 and through and inclusive of 2019, intermittently.

22. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented by Plaintiff's trafficker or at the direction of and under the control of Plaintiff's trafficker.

23. Rooms at the subject hotel by the trafficker or at the direction of the trafficker were routinely rented two at a time. One room was used for lodging. The second room was used for the commercial sex acts Plaintiff was caused to perform. The two rooms were rented contemporaneously.

24. On information and belief, Plaintiff was not the only person trafficked for commercial sex at the subject hotel during the relevant time period. Multiple women were caused to perform commercial sex acts in the rooms rented by or at the direction of Plaintiff's trafficker, and were observed by Defendant's staff going into and out of those rooms, or should have been so observed.

25. A steady stream of different men entered and left the rooms used for the commercial sex acts throughout the duration of the stay, at all hours, and were observed by Defendant's staff, or should have been.

26. Discovery will inform whether the trafficker, or individuals acting at the trafficker's direction, booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. The specific form of payment tendered at the time of each respective booking or renewal; and

c. Whether staff of Defendant required for each booking that the renter show their identification.

27. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented for use in the sex trafficking of Plaintiff, in violation of the TVPRA, in 2017 and through and inclusive of 2019, intermittently.

28. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

29. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

30. Upon information and belief, Plaintiff was advertised online by her trafficker for commercial sex which was to occur at the subject hotel.

31. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was, upon information and belief, advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

32. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

33. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

34. Defendant operating the subject hotel and renting out rooms used for the sex trafficking of Plaintiff was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

35. Defendant G6 HOSPITALITY PROPERTY LLC's association with Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior and ongoing commercial dealings with said Defendant at the subject hotel's premises, by means of rooms repeatedly rented for the trafficker's benefit and at the trafficker's direction during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for and were facilitating the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

36. The commercial dealings between Defendant and Plaintiff's trafficker were not isolated arm's-length transactions. On information and belief, Plaintiff's stay at the subject hotel was renewed on a recurring so that Defendant's staff transacted with Plaintiff's trafficker (or the individuals renting at trafficker's direction) repeatedly over the course of the stay.

37. Defendant's repeated rental of rooms used for the sex trafficking of Plaintiff at the subject hotel was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotel were colored by overt indicators of sex trafficking, such that Defendant knew, or should have known, that Defendant was renting rooms used by individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

38. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to Plaintiff's trafficker by repeatedly renting rooms used by individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

39. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms used for the sex trafficking of Plaintiff, in 2017 and through and inclusive of 2019, intermittently.

40. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that said Defendant knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

41. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

42. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

43. Defendant learned, or in the exercise of reasonable care and diligence should have learned, of the sex trafficking occurring at the subject hotel, including the sex trafficking of Plaintiff, from sources including but not limited to: (a) Defendant's surveillance and monitoring of the subject premises; (b) Defendant's internal investigations, audits, and inspections of the subject property; (c) Defendant's monitoring of guest and customer feedback, including online reviews and complaints; (d) reports and complaints made by other guests and by members of the public; and (e) information received from or contacts with local law enforcement concerning activity at the subject hotel.

44. Throughout the relevant time period, members of the public posted reviews of the subject hotel on Tripadvisor and other publicly accessible online review platforms reporting conditions at and about the subject hotel. One such review of the subject hotel, titled "Be Very

Careful Here," was published on Tripadvisor on October 2, 2018, during the relevant time period, and stated verbatim:

> Please do not bring your family here, especially children. This area is dangerous. There are lots of tweakers and homeless people on the grounds and around the area, waiting to pounce on a dime if you drop it, and if you ever turn your back steal your wallet out of your vehicle, room, coat, pocket you name it. **Lots of hookers, drug addicts and nefarious scumbags. The hotel ownership does NOT care and will act ignorant if you stay and anything terrible happens**. Take great caution, even if you are there to purposefully mingle with the scum. (Emphasis added).

45. On October 5, 2018, three days after the review described in the preceding paragraph was published, Defendant, by and through its Brand Experience Team, posted a public written response to that review. In that response Defendant acknowledged the concerns the reviewer had described; nonetheless the trafficking of Plaintiff continued intermittently during that time and inclusive of 2019.

46. Defendant therefore had actual knowledge, during the relevant time period, that commercial sex and illegal drug activity at the subject hotel were being publicly reported by members of the public. Defendant continued to rent rooms at the subject hotel, including the rooms in which Plaintiff was trafficked, and continued to collect the revenue derived from those rentals.

47. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's hotel, including as to the Plaintiff, a victim, due to the many red flags then and there existing, which are to be considered collectively and not in isolation, including but not limited to:

a. Plaintiff bore visible signs of physical abuse, including black eyes and facial bruising plainly visible to the naked eye, while present on the premises and while in the presence of Defendant's staff;

b. Plaintiff's trafficker physically assaulted Plaintiff out of doors on the grounds of the subject hotel;

c. The modus operandi of the trafficker was that two rooms were rented at a time; only one of which was occupied for lodging, the second being used for commercial sex acts;

d. On information and belief, multiple women were caused to perform commercial sex acts in the rented rooms and such sex buyers were observed by Defendant's staff going into and out of those rooms;

e. A constant stream of different men who were not registered guests entered and left the rented rooms at all hours;

f. Large numbers of used condoms were present in the trash of the rented rooms, which rooms Defendant's housekeeping staff serviced and from which Defendant's staff removed the trash;

g. Rooms used for the sex trafficking of Plaintiff were often paid for in cash;

h. Obvious signs of illegal drug use were present in and about Plaintiff and the rented rooms, which, upon information and belief, were observable by Defendant's staff or should have been;

i. Upon information and belief, Plaintiff was advertised online for commercial sex acts at the subject hotel; and

j. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

48. Upon information and belief, Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 47 above.

49. When Plaintiff was being trafficked at the subject hotel during this Defendant's ownership, in 2017 and through and inclusive of 2019, intermittently, Plaintiff and her trafficker interacted with Defendant's staff on a frequent basis and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

50. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the subject hotel and suffering the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under the control and coercion of her trafficker, as well as all residual injuries suffered from PTSD.

51. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to:

a. guest visibly under the influence of drugs or alcohol;

b. guest creating a nuisance to the public;

c. guest believed to use a hotel room for unlawful purposes;

d. guest uses hotel amenities and premises for unlawful acts;

e. guest brings in extra unregistered guests;

f. guest's behavior reasonably disturbs other guests;

g. guest violates other rules set by the hotel; and

h. for other indicated reasons.

52. Plaintiff being sex trafficked at the subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to the horror of being a victim of sex trafficking, as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning. Plaintiff requires, and will continue to require, professional counseling and mental health treatment as a result of the injuries she sustained.

53. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

54. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. § 1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: July 23, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis, Esq.
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff